UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA WARREN | ) | CASE NO.  5:09CV2990 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| ABBOTT LABORATORIES, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on Plaintiff's motion to file an amended complaint. (Doc. No. 15.) The motion is unopposed. For the reasons that follow, the motion is **GRANTED**.

Plaintiff Diana Warren brings suit against her former employer, Defendant Abbott Laboratories, Inc., alleging that she was constructively discharged by Defendant in violation of the Ohio Whistleblower Statute, Ohio Rev. Code § 4113.52(A)(1)(a). In her Complaint, Plaintiff also raises state common law claims for constructive discharge, wrongful termination in contravention of public policy, and intentional infliction of emotional distress. She seeks back wages, compensatory damages, reinstatement, and attorney's fees.

In her motion to amend, Plaintiff requests leave to correct certain factual statements in her Complaint, and represents that she is not attempting to add any new claims. The Court has reviewed the Complaint, as well as the attached amendment, and

finds that the proposed language does nothing more than clarify that Plaintiff is alleging that she was asked by her supervisor to encourage others to violate the Health Insurance Portability and Accountability Act (HIPAA). As written, the current Complaint alleges that Plaintiff was asked by her supervisor to violate HIPAA, herself. (*See* Doc. No. 1, Compl. at ¶¶ 48, 69, 76.)

After a responsive pleading is filed, the complaining party may amend the pleadings only by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion is, however, "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial;

significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of undue delay, prejudice to the opposing party, or a repeated failure to cure deficiencies in the pleadings. Plaintiff did not delay in bringing her motion inasmuch as the request to amend was filed at the outset of the litigation and with several weeks remaining before the scheduled Case Management Conference is to take place. Moreover, the motion comes before the parties have engaged in any discovery. As such, Defendants will not need to expend additional resources to address Plaintiff's allegations, and will not, therefore, be prejudiced. Finally, this is Plaintiff's first request to amend, and she has not demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). The Court, therefore, **GRANTS** Plaintiff's motion for leave to file an amended complaint. Plaintiff's Amended Complaint (Doc. No. 15, Ex. 1) shall be deemed filed as of the date of this order.

**IT IS SO ORDERED**.

Dated: March 22, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**